UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTE BERNARD ROGERS and
ROBIN LYNN DONALDSON,

Plaintiffs,

v.

Case No. 26-cv-12646
Honorable Linda V. Parker

LORI BOMMARITO, et al.,

Defendants.
___________________________/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING THE FILING OF AN AMENDED COMPLAINT**

On July 30, 2026, a Complaint for Violation of Civil Rights was filed in this Court listing Deonte Bernard Rogers and Robin Lynn Donaldson as Plaintiffs. The pleading is not signed by either individual, as required under Rule 11(a) of the Federal Rules of Civil Procedure, and contact information was only provided for Donaldson. Donaldson, but not Rogers, submitted an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, which is signed. (ECF No. 2.) The Court is granting Donaldson's IFP application. However, because the Complaint fails to comply with Federal Rule of Civil Procedure 8, the Court is requiring Plaintiffs to file an amended pleading. Any amendment must be signed, personally, by whichever individual(s) intends to proceed with this action.

When a complaint is filed IFP, the district court must conduct a summary review pursuant to § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d at 604-05 (6th Cir. 1997). Upon review, the court must dismiss the action if it determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Thus, a claim based on a "meritless legal theory" or "baseless" factual contentions, such as "fantastic or delusional" scenarios, may be dismissed sua sponte at any time under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324-25, 327-28 (1989)

Rule 8(a) requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. *See* Fed. R. Civ. P. 8(a). A complaint must contain sufficient factual matter, that when accepted as true, "'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that each defendant is liable for the alleged misconduct. *Id.*

(citing *Twombly*, 550 U.S. at 556). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Twombly*, 550 U.S. at 555. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The reviewing court must liberally construe a pro se pleading. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a pro se plaintiff "must meet certain minimum standards of rationality and specificity" in filing a complaint. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989(noting that neither the Supreme Court nor the Sixth Circuit "have been willing to abrogate basic pleading essentials in *pro se* suits"). Even when held to a less stringent standard, the Complaint here fails to satisfy Rule 8.

Most basically, it fails to set forth a short and plain statement of the facts on which Donaldson and/or Rogers is asserting any claim. The filing contains several bare, fantastical statements and a collection of disorganized and random facts. It is not clear which, if any, named Defendant is connected to the actions described in the pleading, and what each named Defendant is alleged to have done to violate Plaintiffs' rights. There are no apparent connections between the myriad of Defendants named—which range from appointed attorneys, child protective

services social workers, mental health agencies, hospitals, Google, Bill Gates, and Hillary Clinton.

Accordingly,

**IT IS ORDERED** that Donaldson's application to proceed IFP is **GRANTED**.

**IT IS FURTHER ORDERED** that **within fourteen (14) days** of this Opinion and Order, Plaintiffs shall file an amended complaint in compliance with Federal Rules of Civil Procedure 8 and 11 to cure the deficiencies described above. Any amendment should provide, at a minimum, a "short and plain statement" of the claim(s) brought against each Defendant and the facts on which the claim(s) is based. Numbered paragraphs are encouraged. The failure to file an amended pleading or the filing of an amended pleading which fails to state a claim against a defendant named therein may result in a dismissal of that defendant without further notice.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 4, 2026